John D. Stormer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 13, 1977, before Judges CRUM-LISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Dennis Gonachini*, for petitioner.

*Michael Klein*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, respondent.

OPINION BY JUDGE ROGERS, October 21, 1977:

John D. Stormer filed an application for unemployment benefits on which he stated that he lost his job as truck driver for Matt Calandra & Son because there was "[n]o work for me." He received $350.00 in benefits before the Bureau of Employment Security learned

that Stormer had voluntarily quit his job while work was still available. In an interview with a Bureau representative Stormer admitted that he had quit but said that he did so because his employer refused to remove allegedly unsafe tires from the truck Stormer operated. The Bureau determined (1) that pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), Stormer was ineligible for benefits because he voluntarily left work without a cause of necessitous and compelling nature; and (2) that the payment of the $350.00 benefits was occasioned by Stormer's original false statement that he left his employment because no work was available and therefore constituted a "fault overpayment" under Section 804(a) of the Law, 43 P.S. §874(a).

Both Bureau determinations were affirmed by a referee. The Unemployment Compensation Board of Review affirmed the referee's decision and this appeal by Stormer followed. We affirm.

One who voluntarily terminates his employment has the burden of proving that his quitting was for cause of a necessitous and compelling nature in order to qualify for benefits under the Unemployment Compensation Law. *Pfafman v. Unemployment Compensation Board of Review*, 7 Pa. Commonwealth Ct. 197, 300 A.2d 295 (1973). A claimant may sustain this burden by demonstrating that his conduct was consistent with ordinary common sense and prudence. *Aluminum Co. of America v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 78, 324 A.2d 854 (1974). This Court's scope of review in an appeal from a decision of the Board which is against the party with the burden of proof is to determine whether the Board's findings are consistent with each other and with the conclusions and order of the Board and wheth-

er they can be sustained without capricious disregard of competent evidence. *Zysk v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 409, 316 A.2d 663 (1974). Questions of credibility and weight to be given the evidence are within the exclusive province of the Board and will not be disturbed on appeal. *Taylor v. Unemployment Compensation Board of Review*, 19 Pa. Commonwealth Ct. 391, 338 A.2d 702 (1975).

At the referee's hearing, Stormer testified that while he was operating the only tractor trailer owned by his employer a front steering axle tire blew out, and that while surveying the damages he observed that the truck tires were stamped "blemished." Stormer says that he asked his employer to replace the tires and quit when his employer refused to do so. Stormer contends that his leaving his job was for two compelling and necessitous reasons: first, that driving a truck with "blemished" tires was hazardous to his and the public's safety; and secondly, that the use of such tires was a violation of then[1] Section 841(a)(6) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. §841(a)(6), providing that:

(a) It shall be unlawful for any person to operate any Pennsylvania registered passenger type automobile, surburban motor vehicle, motorcycle, R class commercial motor vehicle or A or B class semi-trailer or trailer upon the highways of this Commonwealth with tires which are not in a safe operating condition. No tire shall be deemed to be in a safe operating condition if such tire has:

. . . .

---

[1] The Vehicle Code has since been amended and consolidated and may now be found at 75 Pa. C.S. §§101 et seq. More specifically, Section 841(a)(6) of The Vehicle Code was repealed by the Act of June 17, 1976, P.L. 162, No. 81, §7, effective July 1, 1977.

(6)   Been *rejected by the manufacturer* or by the secretary. (Emphasis added.)

The employer's representative testified that the tire failure experienced by Stormer was the result of running over a piece of metal and not of any inherent defect of the tire; that the tires in question were absolutely safe, had never caused problems and were still in operation; and that the marking "blemished" merely meant scuffed and not "rejected by the manufacturer" within the meaning of Section 841(a)(6) of The Vehicle Code.

An employee has good cause for leaving his employment if his health or safety is jeopardized by the job assigned to him. *Dawkins Unemployment Compensation Case*, 358 Pa. 224, 56 A.2d 254 (1948). *See also Philadelphia Marine Trade Association v. Unemployment Compensation Board of Review*, 202 Pa. Superior Ct. 149, 195 A.2d 138 (1963). Likewise, where the work demanded of an employee would result in a breach of law, the legal duty may constitute necessitous and compelling reasons for voluntary termination. *Zinman v. Unemployment Compensation Board of Review*, 8 Pa. Commonwealth Ct. 649, 305 A.2d 380 (1973). Here, however, the referee and Board, as they were empowered to do, elected to believe the employer rather than the claimant on the issue of safety. Their apparent conclusion that the claimant had not established that the tires he was required to use were rejected within the meaning of Section 841(a)(6) of The Vehicle Code, was not unreasonable. The words blemished and rejected are not facially synonymous and Stormer adduced no evidence that they have the same meaning in the field of truck tires.

Turning to the Board's "fault overpayment" determination in reference to the $350 benefits received by Stormer, the legal consequence of a "fault overpayment" under Section 804(a) of the Law, 43 P.S. §874

(a), as opposed to "nonfault overpayment" under Section 804(b), is the method of recoupment available to the Bureau. Under Section 804(a) the Bureau can recoup "fault overpayments" either directly from the claimant or by deducting them from any future compensation payable to him under the law. Under Section 804(b), however, liability for "nonfault overpayments" is limited to deductions from future benefits. *Rozanc v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 369, 366 A.2d 611 (1976). A "fault overpayment" is one where "blame, censure, impropriety, or culpability attaches" to the claimant. *Daniels v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 241, 246, 309 A.2d 738, 742 (1973). Stormer's misstatement on his application for benefits fits the description just given and supports the Board's finding of fault.

Accordingly, we enter the following

ORDER

AND Now, this 21st day of October, 1977, it is ordered that the appeal of John D. Stormer be and is hereby dismissed.