Norman D. Park, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued January 30, 1978, before Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*Norman D. Park,* petitioner, for himself.

*William J. Kennedy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, May 11, 1978:

Norman D. Park (claimant) has appealed to us from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of unemployment benefits to the claimant on the grounds that he voluntarily terminated his employment.

The sixty-three-year-old claimant had been employed by the Letterkenny Army Depot as a packer until May 10, 1976, when he left his job and did not

return. He subsequently applied for unemployment compensation which was denied by the compensation authorities based on information recived from his employer that he was "in work status pending approval of disability appl[ication]." This determination was upheld by both the referee and the Board who found the claimant to be ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law[1] (Act), 43 P.S. §802(b)(1), for voluntarily leaving work without cause of a necessitous and compelling nature.

The claimant now contends that he was forced to retire from his employment because of ill health and that he did not voluntarily leave his position. The referee and the Board specifically found, however, that the claimant "quit his job because he was afraid of driving to work and falling asleep while driving" and that "it was not the job that bothered him but the driving of 50 miles one way each day." At the hearing before the referee, the claimant admitted that he had indicated to the compensation authorities that the 50-mile trip was the reason for his termination, but he also argued that the clerk who handled his claim insisted that he needed some reason other than his ill health for leaving his job, and that this was why he had given the reasons here in question. Both the referee and the Board resolved this issue against him, and we may not disturb findings within the exclusive province of the fact-finder such as those involving the resolution of questions of credibility and the weight to be given the evidence. *Stormer v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 220, 378 A.2d 1037 (1977).

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897. *as amended*, 43 P.S. §751 et seq.

The claimant apparently seeks to rely on the fact that his employer later approved his request for a disability pension. At no point has he adequately explained, however, why he chose to become unemployed while his application for disability retirement was still pending. His doctor certified that the claimant had not been advised to quit his job and that he was able to accept gainful employment at the time he applied for benefits. The fact that his request for disability retirement was later approved does not alter the Act's requirement that a claimant meet his burden to show that his physical disability was a necessitous and compelling reason for leaving his employment. In order to meet this requirement and to qualify for unemployment compensation, the employee must inform the employer of his health problems, he must request a transfer to work which he is capable of performing, and he must offer evidence that, *at the time of termination,* adequate health reasons existed to justify his leaving his employment. *See Baldassano v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 457, 383 A.2d 988 (1978).

We believe that the Board's findings are supported by substantial evidence in the record, and we will affirm the Board's decision that the claimant here failed to meet his burden of proving that at the time he left his employment he had compelling and necessitous reasons for doing so.

ORDER

AND, Now, this 11th day of May, 1978, the order of the Unemployment Compensation Board of Review denying benefits to Norman D. Park is hereby affirmed.