Oliver Florence, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 9, 1980, before President Judge CRUMLISH and Judges CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Michelle R. Terry,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, April 28, 1980:

Claimant Oliver Florence appeals from a decision of the Unemployment Compensation Board of Review

(board), which affirmed a referee's finding that claimant was ineligible for benefits under Section 402 (e), 43 P.S. §802(e) of the Unemployment Compensation Law,[1] because his discharge from Fair Acres Geriatric Center (employer) was precipitated by an act of willful misconduct.

Employer discharged claimant for threatening co-workers with bodily harm while brandishing a knife in front of them.

Before the referee, the employer produced two eye-witnesses who testified that they saw and heard claimant with a knife threaten to harm co-workers if they did not comply with claimant's demands. Claimant denied threatening his co-workers, and none of the alleged victims of his threats testified at the hearing. However, the referee resolved the conflicting testimony in favor of the employer, and found that claimant, with a knife, had threatened to harm co-workers.

Because three other fellow workers had testified from secondhand information concerning plaintiff's conduct, on appeal claimant contends that the referee's findings were based solely upon hearsay evidence and not suported by sufficient competent evidence in the record. We disagree.

Where the party with the burden of proving willful misconduct prevails before the referee, our scope of review is limited to whether there is sufficient competent evidence to support the findings of fact. *Brooks v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 6, 388 A.2d 799 (1978). In the present case, such sufficient competent evidence exists.

Claimant correctly cites *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Common-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §202(e).

wealth Ct. 522, 367 A.2d 366 (1976) for the proposition that a finding based solely on hearsay will not stand. However, the present case is clearly distinguishable because the record contains the testimony of two eye-witnesses who testified to witnessing first-hand claimant threatening co-workers with a knife. Their testimony, if credible, is sufficient competent evidence to support a finding of willful misconduct.

Case law consistently holds that the question of credibility is the province of the referee. *See Miller v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 539, 405 A.2d 1034 (1979). In the present case the referee decided the credibility issue in favor of the employer. Therefore, the record contains sufficient competent evidence to support the referee's finding that claimant committed an act of willful misconduct.

Accordingly, we affirm the decision of the board.

### ORDER

AND Now, this 28th day of April, 1980, the May 25, 1979 decision of the Unemployment Compensation Board of Review is hereby affirmed.