George Yazevac, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, May 8, 1981, to Judges MEN-CER, CRAIG and PALLADINO, sitting as a panel of three.

*Louis M. Ligouri,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, June 18, 1981:

George Yazevac (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision to deny Claimant unemployment compensation benefits. The denial was on the ground that Claimant had voluntarily quit his employment without cause of a "necessitous and compelling nature" and was thus ineligible for bene-

fits by force of Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). We affirm.

On August 3, 1979, Claimant, prior to leaving for a two-week vacation, informed his supervisor at the All American Company (Employer) that he was quitting his job. He gave no reason for his decision and on August 24, 1979, he reaffirmed that he would not be returning to his job. Claimant then filed an application for unemployment compensation benefits, which eventually resulted in a hearing before a referee from the Board.

At the hearing, Claimant contended that he had terminated his employment with cause of a necessitous and compelling nature because of allegedly hazardous working conditions that made continuing employment unsafe and which, he felt, were not going to be remedied despite his complaints to Employer. Employer countered with testimony to the effect that, while some of Claimant's allegations were true, conditions on the whole were not unsafe. Evidence was also adduced of an apparent conflict of personalities and attitudes between Claimant and younger employees.

Following the hearing, the referee concluded that Claimant had quit because he was dissatisfied with working conditions and that these conditions "did not render his employment unsafe or onerous." Benefits were denied accordingly. Claimant appealed this determination to the Board, which affirmed the referee's decision.

Claimant, on appeal to this Court, contends that the findings of fact below are not supported by competent, substantial evidence and that the Board's decision was against the weight of the evidence.

The burden of showing that a voluntary termination of employment was for cause of a compelling and

necessitous nature is on the claimant. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977). Where the party with the burden of proof does not prevail before the Board, as in the instant case, this Court's scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and whether the findings can be sustained without a capricious disregard of substantial evidence. *Ruckstuhl v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 302, 426 A.2d 719 (1981).

The credibility of witnesses and the weight to be given their testimony is for the referee and the Board to determine, not this Court, *Slayton v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 120, 427 A.2d 322 (1981), and the resolution of conflicts in testimony is within the sole province of the compensation authorities. *Sears Roebuck & Co. v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 170, 394 A.2d 1329 (1978). Furthermore, the issue as to whether one had cause of a compelling and necessitous nature for leaving employment is a legal conclusion which this Court can review to see if it is drawn from the underlying findings of fact but, in so doing, we must examine the testimony which resulted in those findings of fact in the light most favorable to the party prevailing before the Board. *Taylor.*

In the instant case, Claimant contends that the Employer's failure to contradict several of the specific allegations of hazardous conditions and the fact that the insurance inspections proffered by Employer as evidence of a safe work place are conducted with advance notice mandates a decision in his behalf. These arguments, however, go to the credibility and weight of the evidence and thus were in the province

of the referee to assess. The decision of the compensation authorities to accept Employer's assessment that conditions at All American Company were "not unsafe" as opposed to Claimant's allegations does not constitute a capricious disregard of competent evidence and the Board's factual determination that Claimant quit because he was dissatisfied with working conditions, rather than for a cause which was of a necessitous and compelling nature, is supported by substantial evidence and must stand. Since "[m]ere dissatisfaction with working conditions is not a necessitous cause to justify a voluntary quit," *Hesse v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 595, 596, 422 A.2d 729, 730 (1980), we must affirm the Board's denial of benefits.

Accordingly, we enter the following

ORDER

AND Now, June 18, 1981, the order of the Unemployment Compensation Board of Review in the above matter, dated December 14, 1979, is affirmed.