Clyde A. Jack, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 6, 1982, to President Judge CRUMLISH, JR. and Judges CRAIG and DOYLE, sitting as a panel of three.

*Paul J. Quattrone,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 9, 1982:

Clyde Jack appeals an Unemployment Compensation Board of Review order which affirmed the referee's denial of benefits.[1] We affirm.

Jack, a furniture designer and supervisor of the employer's mill room, voluntarily quit after becoming dissatisfied with working conditions and his employer's failure to promote a new product line he had designed.

Section 402(b)(1) of the Unemployment Compensation Law[2] provides that a claimant will be ineligible for benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of necessitous and compelling nature. . . ."

The claimant bears the burden of proving a cause of necessitous and compelling nature for his voluntary quit. *Rinehart v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 15, 389 A.2d 243 (1978). Our scope of review, where the party with the burden of proof does not prevail below, is limited to determining whether the findings of fact

---

[1] Whereas the initial fact finding and legal conclusions were made by the referee and the Board adopted them without taking further testimony, we will refer to them as the *Board's* findings.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

are consistent with each other and with the conclusions of law and whether they can be sustained without capricious disregard of competent evidence. *Ruckstuhl v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 302, 426 A.2d 719 (1981).

At the outset, we note that mere dissatisfaction with one's working conditions is not compelling and necessitous cause to terminate one's employment. *McKeown v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 617, 442 A.2d 1257 (1982).

Jack contends that his quit was for a necessitous and compelling reason because the employer failed to honor an oral agreement to produce and promote a new product line he had designed.[3] The parties presented conflicting testimony under the agreement as to the nature and extent of the duties and their execution.[4]

The credibility of witnesses and the weight to be given their testimony is for the referee to determine together with the resolution of conflicts in testimony. *Yazevac v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 90, 430 A.2d 1207 (1981). The issue as to whether one had necessitous and compelling reasons for a voluntary quit is a legal conclusion for this Court's review. In exercising this review, we must examine the testimony in the light most favorable to the party who prevailed below. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

---

[3] In his brief, claimant states that he "was deprived of his own volition as regards the work for which he was hired. . . ."

[4] The referee stated that "from the testimony taken at the hearing, there appears to be . . . considerable disagreement as to whether or not both parties fulfilled their end of the verbal contract."

The referee's acceptance of the employer's version of the agreement does not constitute a capricious disregard of competent evidence. The claimant admits becoming dissatisfied with the working conditions, thereby terminating his employment.

Affirmed.

### ORDER

The order of the Unemployment Compensation Board of Review, No. B-186252 dated July 28, 1980, is hereby affirmed.