Lillard Shaffer, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 2, 1983, to Judges
BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Lorraine M. Bittner,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him,
*Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, May 19, 1983:

This is an appeal by Lillard Shaffer, Jr. (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's determination that Claimant was ineligible for benefits under Section 402(b) of the Pennsylvania Unemployment Compensation Law Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). We affirm.

Section 402(b) provides, in pertinent part:

An employee shall be ineligible for compensation for any week—

. . . .

(b)  In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

A claimant has the burden to show that a voluntary termination of employment was for a cause of a necessitous and compelling nature. *Taylor v. Unemploy-*

*ment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977); *Yazevac v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 90, 430 A.2d 1207 (1981). And where the party with the burden of proof does not prevail before the Board, our scope of review is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without capricious disregard of competent evidence. *Yazevac; Ruckstuhl v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 302, 426 A.2d 719 (1981).

Claimant was employed as a truck driver with Inland Products, Inc. (Inland) and quit his job on or about May 25, 1981. Before the referee, Claimant testified that he terminated his employment because Inland required him to haul loads which exceeded the legal weight limit of the truck and which made driving with such loads unsafe. He testified that on one occasion he had been required to haul a load which, with the weight of both trailer and cab, exceeded the weight for which the truck was registered. Claimant testified further that even if the heavier loads the drivers were required to haul did not exceed the total capacity registered for the truck, they could not be distributed to meet the specific weight requirements for each axle. Inland presented testimony that the heavier loads required did not exceed legal limits and had been carried by other drivers, without incident, since Claimant's termination. Inland's testimony indicated further that the company did not require nor expect its drivers to carry overloads.

The relevant findings of the referee are as follows:

2. The claimant voluntarily terminated his employment on approximately May 25, 1981 due to his dissatisfaction in being advised he and other drivers would have to haul heavier loads.

3. In approximately February of 1981, the employer had his trucks all registered to haul a maximum weight of 80,000 pounds and on approximately May 19, 1981 instructed all drivers to haul loads approximately this weight limit.

4. The claimant felt that hauling these heavier loads was in excess of the limit allowed and assumed the trucks would be unsafe to operate.

5. Other drivers of the company are hauling heavy loads and are not required by the employer to haul overweight.

The referee concluded that Claimant had failed to meet his burden to prove that he had terminated his employment for a cause of a necessitous and compelling nature, and the Board affirmed.

Questions of credibility and the resolution of evidentiary conflicts are the province of the factfinder, not the court. *Yazevac; see also Slayton v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 120, 427 A.2d 322 (1981); *Sears Roebuck & Co. v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 170, 394 A.2d 1329 (1978). We cannot say that the referee's findings are in capricious disregard of competent evidence. Nor do we find error in the referee's conclusions. While it is clear that Claimant amply demonstrated his *belief* that the loads were illegal and unsafe, his burden was to prove that the requirements of the employer *were* illegal and unsafe. The conclusion of the referee that Claimant failed to meet this burden is consistent with his findings of fact.[1]

Accordingly, we affirm the order of the Board.

---

[1] We liken this case to *Stormer v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 220, 378 A.2d 1037 (1977) where we held:

384

## ORDER

Now, May 19, 1983, the decision and order of the Unemployment Compensation Board of Review, No. B-199011, dated September 2, 1981 is hereby affirmed.

---

> An employee has good cause for leaving his employment if his health or safety is jeopardized by the job assigned to him. . . . Likewise, where the work demanded of an employee would result in a breach of law, the legal duty may constitute necessitous and compelling reasons for voluntary termination. . . . Here, however, the referee and the Board, as they were empowerd to do, elected to believe the employer rather than the claimant on the issue of safety.

*Id.* at 224, 378 A.2d at 1039 (citations omitted).