Janet H. Conibear, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 8, 1983, before Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Barbara J. Hart,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, August 10, 1983:

Claimant Janet Conibear appeals from an order of the Pennsylvania Unemployment Compensation Board of Review, which affirmed the referee's denial of unemployment benefits on the ground that the claimant's employer, the Reading Hospital and Medical Center, had discharged her for willful misconduct —absenteeism and excessive tardiness.

Until her discharge on October 19, 1979, the claimant had been the chief nuclear medical technician, a position which included the supervision of a staff of medical technicians.

The board found that the claimant had a history of tardiness on 66 occasions between April and October of 1979. The board also found that the personnel

director had informed the claimant in March, 1979, that other hospital employees were complaining about her lateness and absenteeism.

The chief issue is the existence of substantial evidence to support the finding of excessive tardiness.

Mr. Seabourne, the hospital personnel director, testified that the claimant's tardiness and absenteeism had caused morale problems in her department and that he had warned her about those problems in March of 1979. He also listed, from department records, the dates on which the claimant had been late for work.

Because the resolution of any evidentiary conflicts is for the board, and because the record does contain substantial evidence to support each of the board's findings, those findings control this decision.

We have consistently held that chronic tardiness, particularly after a warning, exhibits a sufficient disregard of the employer's interests to constitute willful misconduct.[1]

With regard to the claimant's additional contention, that the board denied her due process, we note that the board gave the claimant proper notice and a full hearing. The fact that the claimant's attorney was unsuccessful in serving a subpoena one-half hour before the beginning of the hearing did not result in any denial of due process.

---

[1] Capricious disregard of evidence, also argued by the claimant, is not an applicable standard here. *American Process Lettering, Inc. v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 272, 412 A.2d 1123 (1980); *Unemployment Compensation Board of Review v. Glenn*, 23 Pa. Commonwealth Ct. 240, 350 A.2d 890 (1976); *Unemployment Compensation Board of Review v. Schmid*, 20 Pa. Commonwealth Ct. 286, 341 A.2d 553 (1975). Because chronic tardiness alone supports the determination of willful misconduct, we need not address the issue of the claimant's absences.

Accordingly, we affirm.

ORDER

Now, August 10, 1983, the order of the Unemployment Compensation Board of Review, No. B-180356-B, dated January 8, 1982, is affirmed.