Patricia A. Ellis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1983, to Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, February 17, 1984:

This is the appeal of an unemployment compensation claimant from an order of the Unemployment Compensation Board of Review reversing a referee's decision granting her benefits. The board reversed the referee and denied benefits on the basis that the claimant's discharge was the result of her own willful misconduct.

The claimant was formerly employed as a waitress for Once Upon A Porch, a restaurant in Philadelphia, Pennsylvania, where she worked for eighteen months at an hourly rate of $2.01 plus tips. The events which resulted in her discharge are in dispute.

The employer testified that on her last day of work, August 7, 1982, the claimant "stomped through the restaurant yelling and swearing" and that this incident "had to do with a recipe for lemonade, I believe." He further testified that this conduct "was interfering with the staff and . . . with the customers, the clientele," and that he did not reprimand her, or even speak to her, at the time the incident occurred.

The claimant denied that this event described by her employer took place. She testified at the hearing that "this is the first I've heard about any incident. No incident ever occurred . . ."; also that the employer did not mention the incident as a reason for her ter-

mination and that he "refused to ... give me any reason whatsoever." The employer admitted that in discharging the claimant he did not "pinpoint" this incident as a reason for his action.

The referee found as fact that the claimant was discharged for what the supervisor felt was disruptive behavior. She observed in discussion that there was no evidence of willful misconduct and granted benefits. On appeal the Unemployment Compensation Board of Review made factual findings of its own including that the claimant behaved as the employer described. The board concluded that this conduct constituted willful misconduct. The employer's testimony was of course sufficient support for the board's finding.

The appellant alleges error in the board's failure explicitly to state its reasons for issuing new findings and reversing the conclusion of the referee, citing *Treon v. Unemployment Compensation Board of Review,* 499 Pa. 455, 453 A.2d 960 (1982) and *Wilson v. Unemployment Compensation Board of Review,* 72 Pa. Commonwealth Ct. 504, 457 A.2d 164 (1983), as support of this contention. These cases hold that the board "may not ... simply disregard findings made by the referee which are based upon consistent and uncontradicted testimony without stating its reasons for doing so." *Treon,* 499 Pa. at 461, 453 A.2d at 962. These authorities have no application here because the referee made no finding with regard to the crucial issue in the case: that of whether or not the incident described by the employer and denied by the claimant in fact occurred. As noted, the referee found only that the claimant's supervisor felt that she behaved in a disruptive manner. The referee did not find whether the claimant did or did not walk through the restaurant yelling and swearing. The board found that "the

claimant was engaged in a dispute over a lemonade recipe" and that she "walked through the restaurant yelling and swearing." This was not in disregard of the referee's finding based on the evidence because the referee made no finding on this subject.

No effective argument could be made that if the claimant's conduct was as her employer described, it would not constitute willful misconduct.

The claimant also ineffectively contends that the referee failed properly to assist her at the hearing. The referee presided over a hearing where neither of the parties had legal counsel. The record, in our view, shows that she properly fulfilled her function to advise the parties of their rights and assist them throughout the course of the proceedings.

The claimant however maintains that the referee failed in the duties required of referees by regulation at 34 Pa. Code §101.21(a) by (1) not helping her cross-examine the employer and (2) by insufficiently explaining her right to subpoena her co-workers.

After the employer described the claimant's conduct in the terms we have earlier mentioned, the referee asked the claimant if she wished to ask questions. The claimant said she had no questions and the referee passed to the claimant's case. The claimant maintains that the referee should have suggested to the claimant questions to be put to the employer as cross-examination so that he would be compelled to elaborate on his meager description of the claimant's behavior. This argument assumes that a more detailed description of the event would have been helpful to the claimant, whereas probing could have been harmful; it could well have given content to the claimant's language.

As to the matter of subpoena, the claimant had in her possession at the hearing letters from other em-

ployees which she said supported her claim of unoffending conduct. She wanted to introduce them without showing them to the employer; or to read them without revealing the names of the authors. After some discussion and an objection to their admission by the employer, the referee decided, properly, that they should be excluded as hearsay. The referee explained to the claimant her right to subpoena the writers. The claimant, by her able counsel, now contends that the referee should have given a "description of a subpoena" and explained "that subpoenaed witnesses would be protected from employer retaliation." Nothing in the record indicates that the claimant did not understand the referee's invitation to subpoena witnesses. It is true that the referee did not advise the claimant that her witnesses, if subpoenaed, would be protected against retaliation. This seems to us too fine a point of law to expect unemployment compensation referees, many of whom are not lawyers, to be aware of, much less expound on. The regulation requires referees to advise unrepresented parties of their rights, to aid them in examining and cross-examining witnesses and to give them every assistance compatible with the impartial discharge of duty. The referee in this case did these things. The regulation does not require referees to advise parties on evidentiary questions or specific points of law. *Rohrbach v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 172, 450 A.2d 323 (1982).

Finally, the claimant says that the board should not have considered the employer's appeal, in the form of a letter, from the referee's decision. The claimant characterizes the letter as a post hearing statement which directly contradicted the employer's testimony at the hearing. In our view, the letter was not a post hearing statement; it was a notice of appeal. It quite

properly sets forth the employer's reason for appealing. Contrary to the claimant's assertion, the letter's contents are consistent with the employer's testimony.

For these reasons, the order of the board is affirmed.

## ORDER

AND Now, this 17th day of February, 1984, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

---

DISSENTING OPINION BY JUDGE BARRY:

I dissent. In this case, as the majority opinion points out, "the Unemployment Compensation Board of Review [Board] made factual findings of its own including that the claimant behaved as the employer described." The referee had made no such finding concerning whether the claimant was, indeed, guilty of disruptive conduct. The Court then concludes "[t]he employer's testimony was of course sufficient support for the board's finding." I believe that the conclusion of the majority is in error. It is true that our cases do say

the unemployment compensation referee acts merely as an agent for the Board and that the Board is the ultimate fact finding body empowered to resolve conflicts in evidence, *to determine the credibility of witnesses,* and to determine the weight to be accorded the evidence.

*Unemployment Compensation Board of Review v. Wright,* 21 Pa. Commonwealth Ct. 637, 639, 347 A.2d 328, 329 (1975) (emphasis added). This principle set forth in the opinion of Judge BLATT in *Wright* has been reiterated by her in *Clowney v. Unemployment*

*Compensation Board of Review,* 54 Pa. Commonwealth Ct. 382, 421 A.2d 515 (1981).    There are other cases, however, which indicate that credibility is strictly for the referee.   In *Florence v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 59, 61, 413 A.2d 784, 785 (1980) Judge CRAIG points out that "[c]ase law consistently holds that the question of credibility is the province of the referee.  See Miller v. Unemployment Compensation Board of Review, 45 Pa. Commonwealth Ct. 539, 405 A.2d 1034 (1979)." To the same effect is *Krimmel v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 134, 136, 442 A.2d 15, 16 (1982) in which Judge CRUMLISH states:  "However, it is axiomatic that the resolution of conflicts in testimony and the issue of credibility are strictly the domain of the referee.   Remaly v. Unemployment Compensation Board of Review, 55 Pa. Commonwealth Ct. 551, 423 A.2d 814 (1980)."   Judge CRUMLISH's opinion in the case of *Jack v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 624, 626, 449 A.2d 883, 884 (1982) reiterates the principle that "[t]he credibility of witnesses and the weight to be given their testimony is for the referee to determine together with the resolution of conflicts in testimony.  Yazevac v. Unemployment Compensation Board of Review, 60 Pa. Commonwealth Ct. 90, 430 A.2d 1207 (1981)."

I do not perceive that the case of *Treon v. Unemployment Compensation Board of Review,* 499 Pa. 455, 453 A.2d 960 (1982), cited by the majority, changes the rule enunciated in these cases.   The Board may not be bound by the referee's findings to the same extent that a court, under the classic case of *Nanty-Glo v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932), is bound to submit uncontradicted and perhaps in-

credible testimony to a jury,[1] nevertheless the functions and responsibilities of a referee and the Board are different and must be honored. I do not think *Treon* destroys this distinction.

Section 504 of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §824 has been cited in some of the cases for the proposition that the Board is the ultimate fact finder. The statute in question provides as follows:

> The board shall have power, on its own motion, or on appeal, to remove, transfer, or review any claim pending before, or decided by, a referee, and in any such case and in cases where a further appeal is allowed by the board from the decision of a referee, may affirm, modify, or reverse the determination or revised determination, as the case may be, of the department or referee on the basis of the evidence previously submitted in the case, or direct the taking of additional evidence. When any claim pending before a referee is removed or transferred to the board, the board shall afford the parties and the department reasonable opportunity for a fair hearing.

43 P.S. §824.

This Section of the Act, in my judgment, cannot be construed to give the Board the authority to assess credibility in situations when it did not see the witnesses, hear them, or observe their demeanor.

In the present case, therefore, I find it impossible to justify the proposition that the Board, not hearing

---

[1] The Supreme Court in *Treon* states: "If particular findings are inconsistent, incredible or unsupported by the evidence, then the Board must so indicate." 499 Pa. at 461, 453 A.2d at 962.

any of the testimony itself, could make a finding which is based entirely on the credibility of the witnesses.

I would, therefore, remand for additional factual findings.