Shirley Wilson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 1, 1984, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Michelle R. Terry,* for petitioner.

*Charles D. Donahue,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by Judge MacPhail, March 5, 1985 :

Shirley Wilson (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) denying unemployment compensation benefits on the ground that Claimant had been discharged for willful misconduct—excessive tardiness.[1]

Claimant was appointed as a biology teacher at Furness Junior High School (Furness) in Philadelphia on December 28, 1981, at which time she was pregnant. On January 5, 1982, Claimant received a letter from the principal noting that she had only been on time for work once since she began at Furness, and reminding her that the hours for teachers were from

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

8:40 a.m. to 2:43 p.m.[2] For the remainder of the school year, Claimant was absent twenty-four (24) school days and tardy forty-nine (49) school days. As a result of her absenteeism and tardiness, Claimant was suspended from her employment.

Where the party with the burden of proof succeeds on the merits before the Board, as here, our scope of review is limited to a determination of whether substantial evidence exists in the record to support the Board's findings and whether the Board committed any errors of law. *Wright v. Unemployment Compensation Board of Review,* 77 Pa. Commonwealth Ct. 278, 465 A.2d 1075 (1983). After a careful review of the record, we are satisfied that the Board's findings are based on substantial evidence. Whether Claimant's conduct rises to the level of willful misconduct is a question of law subject to this Court's review. *Blount v. Unemployment Compensation Board of Review,* 77 Pa. Commonwealth Ct. 627, 466 A.2d 771 (1983).

Initially, Claimant contends that the Board's finding of willful misconduct is not based upon substantial evidence because the employer did not show that Claimant intentionally and deliberately violated her employer's rules. We have repeatedly held that a showing of actual intent to harm the employer is not required; conscious indifference to employment duties is enough to support a finding of willful misconduct. *Cullison v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 416, 444 A.2d 1330 (1982).

Claimant next contends that her absences were beyond her control in that they resulted from physical complications from her pregnancy and that the extent

---

[2] Claimant objected to the receipt of this letter into evidence, as it was not on official stationary. However, Claimant admitted that she had read the letter and understood it.

of her latenesses were not "fully developed" and could not rise to the level of willful misconduct. Because of our disposition of the tardiness issue, we need not address the issue of Claimant's absences. *Conibear v. Unemployment Compensation Board of Review,* 76 Pa. Commonwealth Ct. 264, 463 A.2d 1231 (1983).

Claimant admits being tardy and does not dispute that that occurred forty-nine (49) times in six (6) months. An employer has the right to expect that his employees will attend work when they are scheduled and that they will be on time. *Fritz v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 492, 446 A.2d 330 (1982). We have repeatedly held that chronic tardiness is adequate grounds for a finding of willful misconduct. *Cipriani v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 34, 466 A.2d 1102 (1983). Claimant here has been tardy forty-nine (49) times since she was hired; such behavior is inimical to her employer's interest and rises to the level of willful misconduct. *Fritz.*[3]

Claimant has sought to justify the tardiness. The Board found her evidence insufficient in that respect; specifically, the Board found that her tardiness was not due to her pregnancy. This is a factual finding we may not disturb. *Solomon v. Unemployment Compensation Board of Review,* 75 Pa. Commonwealth Ct. 400, 461 A.2d 1349 (1983).

Accordingly, we affirm.

### Order

The order of the Unemployment Compensation Board of Review, No. B-215400, dated March 1, 1983, is affirmed.

---

[3] As in *Fritz,* Claimant had a chronic absentee problem in addition to her tardiness.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.

———

DISSENTING OPINION BY JUDGE BARRY:

We are again presented with the unusual situation where the Unemployment Compensation Board of Review (Board) has found, on review of a cold record, testimony of a claimant to be incredible after a referee, who heard the testimony and had opportunity to observe the claimant's demeanor, found that testimony worthy of belief. As I do not believe the legislature intended to vest such powers with the Board, I must dissent. In this case, claimant testified that she was late or absent because of problems during her pregnancy. Based on this testimony, the referee specifically found that "[c]laimant's attendance problems resulted from complications relating to her pregnancy." (Finding of Fact No. 2, Referee's Decision, September 28, 1982.) Without taking additional testimony, the Board found to the contrary.

In *Ellis v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 336, 471 A.2d 1281 (1984), I filed a dissenting opinion on this exact point and that opinion is equally apt here. There are, in addition, further points which must be made.

I do not quarrel with the proposition that the Board is the ultimate fact finder, since Section 504 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §824, has been interpreted to permit the Board to hold hearings without a prior hearing before a referee. *Franke v. Unemployment Compensation Board of Review*, 166 Pa. Superior Ct. 251, 70 A.2d 461 (1950). Interestingly, the first case to hold that a board could reverse a referee's finding as to credibility without taking additional testimony, *Crib*

*Diaper Service v. Unemployment Compensation Board of Review,* 174 Pa. Superior Ct. 71, 98 A.2d 490 (1953), relied on *Bronkowski v. Colonial Colliery Co.,* 153 Pa. Superior Ct. 574, 34 A.2d 837 (1943) and *Kenny v. Esslinger's Brewery,* 161 Pa. Superior Ct. 451, 55 A.2d 554 (1947). Both of these cases, however, were workmen's compensation cases at a time when Section 423 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* by Section 6 of the Act of June 26, 1919, P.L. 642 and by Section 1 of the Act of June 4, 1937, P.L. 1552, 77 P.S. §854,[1] specifically gave the Workmen's Compensation Appeal Board the power to reverse a referee without taking additional testimony.[2]

Further Section 502 of the Unemployment Compensation Law specifically provides:

> Where an appeal from the determination or revised determination, as the case may be, of the department is taken, a referee shall, after affording the parties and the department reasonable opportunity for a fair hearing, affirm, modify, or reverse *such findings of fact* and the determination or revised determination, as the case may be, of the department as to him shall appear just and proper. (Emphasis added.)

43 P.S. §822 (Supp. 1965-83). Yet Section 504 provides:

> The board shall have power, on its own motion, or on appeal, to remove, transfer or review any claim pending before, or decided by, a

---

[1] In 1972, Section 423 was amended to remove such power from the Workmen's Compensation Appeal Board, *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

[2] For historical perspective. *See Vonot v. Hudson Coal Co.,* 285 Pa. 385, 132 A. 347 (1926) and *McCauley v. Imperial Wool Co.,* 261 Pa. 312, 104 A. 617 (1918).

referee, and in any such case and in cases where a further appeal is allowed by the board from the decision of a referee, may affirm, modify, or reverse the determination or revised determination, as the case may be, of the department or referee *on the basis of the evidence previously submitted in the case,* or *direct the taking of additional evidence.* (Emphasis added.)

43 P.S. §824 (Supp. 1965-83). As is readily apparent, Section 504 says not one word concerning findings of fact. It is my belief that the Board's power to reverse the referee in the last quoted section applies only to pure questions of law unless the Board takes additional evidence and thus has the opportunity to personally judge the credibility of the witnesses. As claimant had a valid excuse for her absenteeism which was believed by the referee, I would reinstate the referee's award. It is incredible to me that the Board could decide on a cold record that this claimant was lying about her pregnancy problems.