Mills Unemployment Compensation Case.

Department of Labor and Industry, Appellant, v. Unemployment Compensation Board of Review.

Argued May 26, 1949. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Morley W. Baker*, Special Deputy Attorney General, with him *T. McKeen Chidsey*, Attorney General, for appellant.

*William L. Hammond*, Special Deputy Attorney General, with him *T. McKeen Chidsey*, Attorney General and *Richard H. Wagner*, for appellee.

Opinion by Mr. Justice Linn, June 24, 1949:

The Department of Labor and Industry appealed to the Superior Court[1] from the decision of the Unemployment Compensation Board of Review affirming an award of unemployment compensation. In the brief of the appellee board, it is said, "This is a friendly proceeding instituted to seek judicial guidance in the application of the term 'good cause' in section 402(b) of the Unemployment Compensation Law . . ." The Superior Court affirmed the decision of the board and, deeming the question "so important as to make it expedient that the case be decided by the Supreme Court," certified the record to this Court pursuant to section 10 of the Act of June 24, 1895, P. L. 212, 17 PS 197. The appeal should have been quashed as unauthorized.

The Unemployment Compensation Law was approved December 5, 1936, P. L. [1937] 2897, and has since been amended, 43 PS 751 et seq. By section 201, 43 PS 761, the duty of administering the law was vested in the Department of Labor and Industry of the Commonwealth. Sections 501 and 502 (43 PS 821, 822) made it the duty of that department to pass on claims submitted for unemployment compensation and provided for appeals by the claimant or his or her employer to a referee and from the referee to the Unemployment Compensation Board, a board created pursuant to section 203, 43 PS 763.

With that brief statement of applicable procedure we come to the undisputed facts. The claimant, Anne G. Mills, was last employed by the Phillips-Jones Corporation at Kane, Pennsylvania, where she resided with her husband. On October 24, 1947, she voluntarily left her work to join her husband who had obtained permanent employment in Oil City, Pennsylvania, 60 miles

---

[1] The opinion of the Superior Court is reported in 164 Pa. Superior Ct. 421, 65 A. 2d 436 (1949).

from Kane. He had leased a residence in Oil City and requested that she join him. She registered for work at the employment office in Oil City on November 19, 1947. Job opportunities existed in Oil City and claimant was able, willing and ready to accept work but no job could be found within the five weeks claim period. She filed an application for benefits, claiming for five weeks ending December 23, 1947.

On December 31, 1947, the Department of Labor and Industry, after considering her application, denied it on the ground that she had left her employment without good cause, and was therefore disqualified (section 402(b), 43 PS 802(b)). She appealed and her appeal was heard by a referee who reversed the decision of the Department and awarded unemployment compensation. The Department appealed from the referee's decision to the Unemployment Compensation Board of Review which, after hearing, affirmed the decision of the referee. The Department then appealed to the Superior Court and gave notice of the appeal to claimant and to her employer; neither claimant nor employer participated in the appellate proceeding.

A fundamental question presents itself at this point: had the Department the right to appeal to the Superior Court?[2] We find no authority for it in the statute. Appeals to the Superior Court are authorized by section 510 (43 PS 830). Unless the Department finds authority in that section, its appeal is unauthorized. The first paragraph of section 510 provides: "Appeals to Superior

---

[2] At the oral argument the authority of the Department of Labor and Industry to take this appeal was raised and the deputy attorneys general were requested to file briefs on the subject. The brief was not received until June 23, after this opinion was written.

We are aware that the Superior Court has passed on the merits in several such appeals without discussing the right of the Department to appeal.

Court.—An appeal to the Superior Court may be taken by any party claiming to be aggrieved, but only after he has exhausted his remedies before the board. In any such appeal the board shall be made the party defendant. Every appeal to the Superior Court must be taken within thirty days after the decision of the referee or board becomes final. The appeal shall be by petition and shall state the grounds upon which a judicial review is sought. A copy of such appeal petition shall be served upon a member or agent of the board, and sufficient additional copies shall be left with the board to enable the board to furnish a copy to every party in interest in the proceeding who has not joined in the appeal. The board shall file an answer in the Superior Court within thirty days after the petition has been served on it, and shall at the same time file with the court certified copies of all documents and papers, a record of all testimony taken and all findings of fact and decisions thereon. The board may also, in its discretion, certify to such court questions of law involved in any decision by it."

The provision for appeal "by any *party* claiming to be aggrieved but only after *he* has exhausted *his* remedies before the board" obviously refers to the party claimant or the claimant's employer, as defined in the statute. The words, "any party claiming to be aggrieved but only after he has exhausted his remedies . . ." certainly do not include the Department of Labor and Industry because that department was not a party; on the contrary, the Department was the administrative tribunal authorized to try the case in the first instance. The next sentence provides that "in any such appeal the board shall be made the party defendant." Until that time the Board has not been a party but an appellate administrative tribunal. The party taking the appeal, that is, the claimant or the employer, must file a petition stating the grounds for judicial review, and must serve a copy on the board and provide copies to enable the board to

supply one "to every party in interest in the proceeding who has not joined in the appeal." Certainly the Department of Labor and Industry, the administrative tribunal, first to pass on the claim, is not a party in interest. Section 510 continues that the board shall file an answer; the obvious purpose of such answer is to define the issue of law between the appealing claimant or appealing employer and the Board of Review. The last sentence of the paragraph is significant; it provides: "The board may also, in its discretion, certify to such court questions of law involved in any decision by it." Under that last provision the Board may certify questions to the Superior Court but we have found no provision authorizing the Department to certify questions of law to the Superior Court. If express authority was necessary to enable the Board of Review to appeal, why is it not also necessary to qualify the Department to appeal?

We do not understand and the briefs do not suggest how the Department of Labor and Industry can be an aggrieved party within the meaning of section 510 by an affirmance of an award by the Unemployment Compensation Board of Review.

The record in this case shows that the appeal was not taken by the Board of Review pursuant to the last sentence of section 510, quoted above. The Department of Labor and Industry is not a party aggrieved. The Department is a part of the executive branch of the government. Having concluded that its appeal is unauthorized, it is unnecessary to consider whether authority can constitutionally be conferred upon the executive to sue itself under the guise of an appeal.

The judgment of the Superior Court is reversed and the appeal from the Department of Labor and Industry to the Superior Court is quashed.