Jeno Beres, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 25, 1978, before Judges Rogers, Blatt and Craig, sitting as a panel of three.

*Angus Love,* with him *Harvey Strauss,* for appellant.

*Michael Klein,* Assistant Attorney General, with him *Reese F. Couch,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, November 13, 1978:

Jeno Beres has appealed from an order of the Unemployment Compensation Board of Appeals affirming a referee's decision denying him benefits and declaring a "fault overpayment" of $2227.00.

Beres was discharged from employment as a bartender at The General Washington, Audubon, Pennsylvania on August 6, 1976. On August 16, 1976 Beres applied to reopen an unemployment compensation claim under which he had previously received benefits. He wrote on the application that he had been laid off because of a reduction in work shifts. Beres thereafter received a total of $2227.00 in benefits during the period from August 21, 1976 to January 29, 1977. The Bureau of Employment Security discontinued benefits when it received information that Beres had not been laid off but had been discharged for drinking while on duty. Beres appealed this decision to a referee who held a hearing and determined

that Beres was ineligible for benefits under the provisions of Section 402(e) of the Unemployment Compensation Law (Law)[1] because he was discharged for willful misconduct. The referee also found that Beres had received benefits as a result of his withholding of material information from the Bureau and he declared a "fault overpayment" of $2227.00 pursuant to Section 804(a) of the Law.[2] Beres appealed the referee's decision to the Board of Review which affirmed the decision. This appeal followed.

Beres first says that there was no substantial evidence that he was discharged for willful misconduct. Willful misconduct has been described as follows:

> As a general principle in order to deny unemployment compensation benefits to an employee, his or her action must involve a wanton or willful disregard of the employer's interest, *a deliberate violation of the employer's rules,* [or] a disregard of standards of behavior which the employer has the right to expect of his employees. . . . (Emphasis added.)

*Loder v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 484, 488, 296 A.2d 297, 299-300 (1972).

Beres admits that he knew of his employer's rule against drinking on duty but says that he was not drinking. Two witnesses for the employer, Beres' supervisor and a fellow employee, testified at the referee's hearing that Beres had been drinking and was in an intoxicated condition at the time he was discharged. It is true that this testimony was contradicted by Beres; it remains, however, substantial evidence supporting the referee's finding.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] *Id.,* 43 P.S. §874(a).

Beres next says that the finding of a "fault over-payment" under Section 804(a) of the Law was wrong because there was no evidence to support a finding of fault on his part.[3] The Superior Court has held that " 'fault' always connotes an act to which blame, censure, impropriety, shortcoming, or culpability attaches." *Mills Unemployment Compensation Case,* 164 Pa. Superior Ct. 421, 426-27, 65 A.2d 436, 439 (1949), *rev'd on other grounds,* 362 Pa. 342, 67 A.2d 114 (1949). *Daniels v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 241, 309 A.2d 738 (1973). Beres says that he committed no such blameworthy or culpable act when he told the Bureau that he was laid off because he believed this to be an accurate account of his discharge. As we have already noted, the record contains ample evidence showing that Beres was not laid off but was fired for drinking and being intoxicated while on duty. Furthermore, the record shows that Beres' supervisor told him that he was being discharged for drinking. This testimony, which the referee apparently believed, again provides substantial evidence of fault. Beres' subsequent failure to write the correct reason on his application form was a material misrepresentation of the reasons for his unemployment. We have held such a misrepresentation constitutes fault as defined in

---

[3] [T]he legal consequence of a 'fault overpayment' under Section 804(a) . . . , as opposed to a 'nonfault overpayment' under Section 804(b), is the method of recoupment available to the Bureau. Under Section 804(a) the Bureau can recoup 'fault overpayments' either directly from the claimant or by deducting them from any future compensation payable to him. Under Section 804(b), however, liability for 'nonfault overpayments' is limited to deductions from future benefits. (Citations omitted.)
*Stormer v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 220, 224-25, 378 A.2d 1037, 1039-40 (1977).

*Mills, supra. Stormer v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 220, 378 A.2d 1037 (1977).

The order of the Board is affirmed.

ORDER

AND Now, this 13th day of November, 1978, the order of the Unemployment Compensation Board of Review dated September 13, 1977 is hereby affirmed.