Joseph P. Rowley, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 18, 1982, to Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*D. Michael Stine,* for petitioner.

*Charles G. Hasson,* Assistant Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 12, 1983:

The claimant in this unemployment compensation case was suspended from his position as a school teacher in June, 1980 due to a decrease in student enrollment. Several years before his suspension from the school work the claimant had obtained a real estate salesman's license and had work part-time in a broker's office. When he was suspended from his teaching duties, he continued his work as a real estate salesman.

The claimant applied to the Office of Employment Security (OES) for compensation on the basis of his school employment. On a form submitted to OES on August 28, 1980, he wrote ''I started in June, 1980 . . . as a real estate trainee. I am not working on any commission basis at this time nor am I involved in any sales. I do not receive any income at all as a trainee. I am still able and available for full time employment.'' On a form submitted February 10, 1981, he wrote ''I became involved . . . in August, 1980 as a trainee. As a trainee, I spoke to many clients and some have bought homes through the company. I have not received any payments for my efforts.''

The claimant received $4,050 in unemployment compensation from August, 1980 until about February,

1981 when OES determined that he was and had been ineligible under Section 401 of The Unemployment Compensation Law, 43 P.S. §801, because in fact he had been employed as a real estate salesman during the period when compensation was paid him. The claimant did not appeal this decision.

OES also ordered that the claimant repay the sum of $4,050 he had received in compensation payments, pursuant to Section 804(a) of The Unemployment Compensation Law, 43 P.S. §874(a), requiring repayment by one who has received compensation to which he was not entitled "by reason of his fault."

OES whose decision was upheld by a referee and the Unemployment Compensation Board of Review, decided that the compensation received by the claimant was "received by reason of his fault" and that he should make repayment because his statements that he was only a trainee, that he was not involved in sales and that he was not working on a commission basis were misleading. The claimant's testimony at the referee's hearings clearly supports this conclusion. He admitted that the title trainee was not one that he bore, but one that he had made up, that he was working on a commission basis, that he had in the past been paid commissions for the sales of houses and that if he had sold any properties latterly he would have been paid commissions. The claimant's descriptions to OES of his status and activities as a real estate trainee were marked departures from the real facts of his employment, they were misleading, blameworthy, culpable and they support the order that he repay the compensation he received as a result of them. *See Beres v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 457, 393 A.2d 1073 (1978).

Order affirmed.

ORDER

AND Now, this 12th day of January, 1983, the order of the Unemployment Compensation Board of Review dated May 15, 1981 is affirmed.