Carl W. Bryan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1983, to Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*Harry S. Geller,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, December 29, 1983:

The question raised in this unemployment compensation case is that of whether the Unemployment Compensation Board of Review erred in upholding a referee's decision that the sum of $1042 paid to the peti-

tioner as compensation was received "by reason of his fault," rendering him liable to repay the same pursuant to Section 804(a) of the Unemployment Compensation Law, 43 P.S. §874(a).

The petitioner was laid off from his regular full time work and applied for unemployment compensation. While receiving compensation, he worked part-time for his former employer and also he continued to work one evening a week for another employer receiving sometimes $18, sometimes $27, a week. When applying for his unemployment compensation checks, the petitioner reported the earnings he received from part-time work for his former full time employer; but he failed to report the fact that he received $18 or $27 a week from his other part-time employer.

The petitioner admitted receiving the unemployment compensation office's written instructions which included a direction that all earnings were required to be reported to the unemployment compensation authorities. He testified that he didn't read the instructions because he was upset at the time over domestic matters.

It is true that the petitioner eventually revealed the $18-$27 weekly earnings to the Office of Employment Security, but this was only after his part-time employer received inquiries concerning him from the Office of Employment Security and told him that he was required to report these earnings.

"[F]ault . . . connotes an act to which blame, censure, impropriety, shortcoming, or culpability attaches." *Mills Unemployment Compensation Case,* 164 Pa. Superior Ct. 421, 426-27, 65 A.2d 436, 439 (1949) *rev'd on other grounds,* 362 Pa. 342, 67 A.2d 114 (1949); *Beres v. Unemployment Compensation Board,* 38 Pa. Commonwealth Ct. 457, 393 A.2d 1073 (1978). The petitioner's repeated weekly failures to

266

disclose his earnings from employment, if not censurable, were certainly improprieties and shortcomings.

Finally, it is true that the notes of the testimony received at the referee's hearing are somewhat disheveled as the petitioner notes. But the material facts, about which there is little dispute, are clearly illumined, and we will not order a new hearing.

Order affirmed.

ORDER

AND Now, this 29th day of December, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.