630 A.2d 534

Janet A. SARGENT, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 4, 1993.

Decided Aug. 9, 1993.

Rosemary E. Mullaly, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

This is an appeal by Janet A. Sargent (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which reversed a referee's decision granting benefits to Claimant. The Board, in reversing, concluded that Claimant had committed disqualifying willful misconduct.

On appeal the Board made its own findings. It determined that Claimant had last been employed as a billing manager for a medical doctor, Gary W. Muller (Employer). On or about June 2, 1992 Employer had laid off two employees. Claimant had heard rumors as to the reasons for the employees' layoffs. The Board specifically found with regard to this matter:

> 5. On or about July 22, 1992, claimant confronted the employer, demanded an explanation as to why her co-workers were discharged and accused the employer of spreading rumors as to the cause of her co-worker's [sic] discharge.
>
> 6. When the employer denied claimant's accusation, claimant expressed her skepticism as to the employers [sic] truthfulness.
>
> 7. The employer immediately discharged claimant due to her insolent remarks questioning his authority and veracity.

Based upon these findings the Board concluded:

> To question an employer's authority to operate his business, an inquiry of no concern to the claimant in this case, is to violate those standards of behavior that an employer has a

right to expect. Furthermore, to openly and directly question an employer's veracity and to accuse the employer without cause is, in the opinion of the Board, insolence which, in and of itself, rises to the level of willful misconduct sufficient to deny a claimant benefits under Section 402(e) of the [Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e)].

Accordingly, it denied benefits and Claimant's appeal to this Court ensued.

■ In cases involving willful misconduct the employer bears the burden of proof. *Vann v. Unemployment Compensation Board of Review,* 508 Pa. 139, 494 A.2d 1081 (1985). Employer in this case did not present any evidence. Claimant, however, chose to testify and the state Supreme Court has made it clear that in such a situation a claimant's own testimony can be a basis to deny benefits. *Vann.* Our scope of review is limited to determining whether the necessary findings are supported by substantial evidence and whether the Board has committed legal error or constitutional violations. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Vann.*

■ On appeal Claimant first maintains that the Board's findings are not supported by substantial evidence.[1] We note first that the Board in its brief agrees that Finding of Fact No. 2 is unsupported. That finding reads, "Throughout claimant's employment, the employer considered her to be an unsatisfactory employee." We agree that this finding is unsupported by the record and must be stricken. We also agree with the Board, however, that it is unnecessary to support the Board's determination.

■ With regard to findings 5–7, quoted above, Claimant's own testimony provides:

1. The Board decides credibility and the weight to be afforded the evidence. *Bowman v. Unemployment Compensation Board of Review,* 49 Pa.Commonwealth Ct. 170, 410 A.2d 422 (1980).

[O]n July 22 . . . I asked [Employer] for an explanation of why the other two were let go. And also, rumors had been circulated around June's Hospital, where the office is, about the two employees who were let go, and I asked him about those. And he denied having spread any rumors, and I expressed some skepticism at that, and he turned around and said, "That's it, you're fired."

N.T. 2–3. Further on Claimant's Summary of Interview Form she stated that when she questioned Employer as to why he had laid off the two employees and he indicated that he did not feel that they were doing their jobs properly, she "expressed disbelief." This evidence is substantial evidence as a matter of law and can support findings 5 through 7. While Claimant contends that the statement on the Summary of Interview Form is hearsay, *she* is the one who said that she expressed disbelief and, thus, this evidence constitutes a party admission. *Bailey v. Unemployment Compensation Board of Review,* 142 Pa.Commonwealth Ct. 294, 597 A.2d 241 (1991). Additionally, we note that Claimant never objected to the admission of the Summary of Interview Form despite having been given a opportunity to do so. As to the reasons Employer gave for the layoffs, that evidence is not being offered for the truth of the matter asserted and, hence, it is not inadmissible on hearsay grounds. *Bailey.* In any event it is not needed to support the findings as the point is not what reason Employer gave for his actions, but rather Claimant's reaction to his statement and that reaction is admitted to by Claimant. Thus, Findings of Fact Nos. 5 through 7 must be sustained.

Claimant next contends that her actions do not constitute willful misconduct as a matter of law. Willful misconduct has been judicially defined to include, *inter alia,* a disregard of the standards of behavior which an employer has the right to expect of an employee. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa.Commonwealth Ct. 90, 309 A.2d 165 (1973). The Board found that Claimant had questioned both Employer's veracity and his authority. These findings are supported by Claimant's own evidence. Certainly such behavior is in

disregard of the standards an employer reasonably expects from an employee.

While Claimant attempts to bring her situation within the purview of our holding in *Luketic v. Unemployment Compensation Board of Review*, 35 Pa.Commonwealth Ct. 361, 386 A.2d 1045 (1978), we find that case distinguishable. In *Luketic* the claimant was employed as a caseworker by a local agency whose funding was dependant upon the state. She received a furlough letter asserting lack of funds as the basis for the personnel action. Her inquiries to the Department of Public Welfare resulted in her being reinstated pursuant to a letter from her employer that its layoffs had been inconsistent with its contractual relationship with the state. Two weeks later the agency's assistant director at a staff meeting announced that there would again be economic layoffs. The claimant at this point stated that she thought the agency was misleading its employees as to the alleged funding problems and indicated that she intended to check with the Department of Public Welfare as to the necessity for the layoffs. Based on this comment, her employer discharged her. The Board denied benefits. On appeal we reversed noting first that the claimant's comments were neither vulgar nor abusive and also that on the unusual facts of the case her questioning the assistant director concerning funding statements he had made, considering the attempted layoff two weeks earlier, was a reasonable action. In the instant case the facts are very different. Claimant's manner was insolent, and the act of Employer which she questioned was clearly one he had authority to take. Accordingly, the conclusion of willful misconduct was legally proper.[2]

While Claimant asserts that her comment to Employer was provoked and argues that we should so hold as a matter of

2. We reject Claimant's argument that the Board in finding willful misconduct disregarded the referee's findings which were based on uncontradicted evidence without giving its reasons for doing so. The uncontradicted evidence was that Claimant had questioned both her Employer's veracity and his authority. This is the evidence the Board relied on. It was the referee, not the Board who ignored the uncontradicted evidence.

law, or alternatively, remand for the Board to make a finding on this point, we disagree that provocation is an issue. The Board, in the discussion portion of its adjudication quoted above, obviously did not find provocation when it found Claimant's actions insolent. Thus, Claimant is entitled to no relief on this basis.

Based upon the foregoing discussion, the Board's order is affirmed.

## ORDER

NOW, August 9, 1993, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.