Keith **SUMMERVILLE**, Petitioner

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

James P. **RHEIN**, Petitioner

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 3, 1997.

Decided Jan. 28, 1997.

Jeffrey A. Liebmann, Trevose, for petitioners.

Judith M. Gilroy, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before COLINS, President Judge, and FLAHERTY, J., and NARICK, Senior Judge.

COLINS, President Judge.

Keith Summerville (Summerville) and James Rhein (Rhein) (collectively, claimants) petition for review of the June 4, 1996 orders of the Unemployment Compensation Board of Review denying them benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] and ordering recoupment of fault overpayments under Section 804(a) of the Law, 43 P.S. § 874(a). We affirm.

On December 21, 1995, the Township of Falls (Township), Bucks County, acquired the Township of Falls Authority (Authority), which provides sewage collection and related services for the Township. Before the acquisition, Summerville had worked for the Authority for 11 years and had served as an elected Township Supervisor for 4 years; Rhein had worked for the Authority for 10 years and had been elected to serve as Township Supervisor beginning January 2, 1996. Both Summerville and Rhein were aware that they could not hold elective office and continue to work for the Authority with the Township as the new employer.[2]

Although Authority employees were given the opportunity to keep working when the Township took over,[3] Summerville did not report for work at the Authority after December 21; Rhein did not report for work after January 1. Both Summerville and Rhein applied for unemployment benefits, stating that their jobs had been eliminated.

The Board found that Summerville and Rhein voluntarily terminated their employment when they rejected the Township's (as

---

1. Act of December 5, 1936, Second Ex.Sess., P.L (1937) 2897, *as amended*, 43 P.S. § 802(b). That section provides that a claimant is ineligible for compensation when his or her unemployment is due to voluntarily terminating employment without cause of a necessitous and compelling nature.

2. Section 410 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. § 65410, generally prohibits a township supervisor from holding any other elective or appointive township office or position. [Section 410 was deleted and replaced by Section 1 of the Act of November 9, 1995, P.L. 350, 53 P.S.

§ 65403, effective in March 1996.] In addition, Pennsylvania's ethics law, Act of October 4, 1978, P.L. 883, as reenacted and amended by the Act of June 26, 1989, P.L. 26, 65 P.S. §§ 401–413, prohibits a public official from engaging in conduct that constitutes a conflict of interest.

3. All employees were given the opportunity to apply for work with the new employer; employees who applied were guaranteed employment for a probationary period of 60 to 90 days during which the Township would evaluate its staffing needs.

the new operator of the Authority) offer of continuing employment to avoid having to resign as Township Supervisors. The Board noted that the claimants made a personal choice to terminate their employment in order to continue their political careers. The Board also found that Summerville and Rhein misrepresented the circumstances surrounding their separation from employment and ordered repayment of fault overpayments of benefits to which the claimants were not entitled.

The claimants raise three issues on appeal. The claimants contend that they were compelled to terminate their employment when the Township Supervisors voted to acquire the Authority. The claimants contend that the Township Supervisors, by acquiring the Authority, changed the conditions of their employment rendering them unable to continue their employment without violating the law. Finally, the claimants deny that they in any way misrepresented the circumstances surrounding their loss of employment.

■ Our review in unemployment compensation cases is limited to determining whether the necessary findings are supported by substantial evidence and whether the Board has committed errors of law or constitutional violations. *Sargent v. Unemployment Compensation Board of Review,* 157 Pa.Cmwlth. 534, 630 A.2d 534 (1993).

■ Whether an employee's conduct constitutes voluntary termination is a question of law to be determined by examining the findings of fact made by the Board. *Pennsylvania Liquor Control Board v. Unemployment Compensation Board of Review,* 167 Pa. Cmwlth. 386, 648 A.2d 124 (1994), *petition for allowance of appeal denied,* 540 Pa. 615, 656 A.2d 120 (1995).

■ Substantial evidence of record, including the claimants' testimony, supports the Board's findings that both claimants were offered continuing work with the Authority after the Township's acquisition and that both claimants chose to terminate their employment in order to pursue their political careers. Summerville testified that he never applied for continuing employment after the acquisition; Rhein applied and continued to work until January 1, but thereafter failed to report for work. The record indicates that the Authority (under Township control) repeated its offers of employment, at least through January of 1996, with no response.

Summerville and Rhein chose to terminate their full-time, paid employment with the Authority in favor of their elected office, at best a part-time position providing little compensation.[4] The Pennsylvania Supreme Court has emphatically stated that when a claimant leaves his or her employment in favor of a political career, the reason for the termination is not necessitous and compelling.

When this Court defined "necessitous and compelling" cause for leaving work as "circumstances which produce pressure to terminate employment that is both real and substantial," it was never contemplated that the "circumstances" might be the employee's personal goals, aspirations or ambitions which conflicted with some reasonable policy or requirement of the employer.

*Snyder v. Unemployment Compensation Board of Review,* 509 Pa. 438, 445, 502 A.2d 1232, 1236 (1985). The claimants have not demonstrated that they acted with ordinary common sense in terminating their employment or that they had no real choice than to leave.[5]

We cannot agree with the claimants' contention that they were constructively terminated. The claimants produced no evidence to suggest that the Township's offers of employment were not genuine; the record indicates that the Township made the same offers to all of the Authority's employees. The

---

4. The record indicates that the claimants both earned a salary of over $30,000 at the Authority; Summerville earned $4,000 annually as a Supervisor, and Rhein earned $5,000.

5. The record indicates that the claimants may have been unfairly placed in the position of choosing between their employment and their political aspirations; i.e., that the Township acquired the Authority for the purpose of forcing their resignation from office. The record indicates that the claimants have sought legal redress for this "unfairness" in another forum.

record does not support the claimants' contentions that the Township changed their working conditions rendering them unable to perform their jobs.

■ The Board's finding of a fault overpayment was justified by the claimants' misstatements on their benefits applications indicating that their positions with the Authority had been terminated. A claimant's failure to supply the correct reason for his or her unemployment on the application form constitutes a material misrepresentation justifying a finding of fault overpayment. *Beres v. Unemployment Compensation Board of Review,* 38 Pa.Cmwlth. 457, 393 A.2d 1073 (1978). According to the record, the claimants did not acknowledge that the Township offered them employment until February 1996, after the employer supplied information indicating that the claimants had voluntarily terminated their employment.

Accordingly, we affirm the orders of the Board denying benefits.

### *ORDER*

AND NOW, this 28th day of January, 1997, the orders of the Unemployment Compensation Board of Review in the above-captioned matters are affirmed.